### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

BRIDGEVIEW HEALTH CARE CENTER,   )
LTD., an Illinois corporation, individually   )
and as the representative of a class of   )
similarly-situated persons,   )
  )
                     Plaintiff,   )
     v.   )
  )
JERRY CLARK d/b/a AFFORDABLE   )
DIGITAL HEARING,   )
  )
                Defendant.   )

No. 09 CV 5601

Judge Robert W. Gettleman

**FILED**

**MARCH 16, 2010**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### SECOND AMENDED CLASS ACTION COMPLAINT

Plaintiff, BRIDGEVIEW HEALTH CARE CENTER, LTD., ("Plaintiff"), brings this action on behalf of itself and all other persons similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendant, JERRY CLARK d/b/a AFFORDABLE DIGITAL HEARING, ("Defendant"):

### PRELIMINARY STATEMENT

1.      This case challenges Defendant's practice of faxing unsolicited advertisements.

2.      The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3.      Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy.

Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.      On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the TCPA, the common law of conversion, and the consumer protection statutes forbidding and compensating unfair business practices.

5.      Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

7.      Venue is proper in the Northern District of Illinois because Defendant committed a statutory tort within this district and a significant portion of the events took place here.

## PARTIES

8.      Plaintiff is an Illinois corporation that does business within the Northern District of Illinois.

9.      On information and belief, Defendant, JERRY CLARK is an Illinois resident who at all times relevant operated businesses under the name AFFORDABLE DIGITAL HEARING in Plainfield and Terre Haute, Indiana.

## FACTS

10.      On or about June 27, 2006, Defendant faxed an advertisement to Plaintiff. A copy of the facsimile is attached hereto as Exhibit A.

11.    Defendant created or made Exhibit A which Defendant knew or should have known is a good or product which Defendant intended and did in fact distribute to Plaintiff and the other members of the class.

12.    Exhibit A is a part of Defendant's work or operations to market Defendant's goods or services which was performed by and on behalf of Defendant. Therefore, Exhibit A constitutes material furnished in connection with work or operations.

13.    Defendant did not have the Plaintiff's prior express invitation or permission to send advertisements to the Plaintiff's fax machine.

14.    On information and belief, Defendant faxed the same and similar advertisements to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

15.    There are no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

**COUNT I**
**TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**

16.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

17.    In accordance with Federal Rules of Civil Procedure, Rule 23, the Plaintiff brings this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes and (4) with whom Defendant did not have an established business relationship.

Excluded from the Class are the Defendant, his employees, agents and members of the Judiciary.

18. <u>Commonality [Fed. R. Civ. P. 23 (A) (2)</u>: Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include, but are not limited to, the following:

a) Whether the Defendant sent unsolicited fax advertisements;

b) Whether the Defendant's faxes advertised the commercial availability of property, goods, or services;

c) The manner and method the Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit "A" and other unsolicited faxed advertisements;

d) Whether the Defendant faxed advertisements without first obtaining the recipient's prior permission or invitation;

e) Whether the Defendant sent the faxed advertisements knowingly;

f) Whether the Defendant violated the provisions of 47 U.S.C. § 227;

g) Whether the Plaintiff and the other members of the class are entitled to statutory damages; and

h) Whether the Court should award treble damages.

19. <u>Typicality [Fed R. Civ. P. 23 (A) (3)</u>: The Plaintiff's claims are typical of the claims of all class members. The Plaintiff received a fax sent on behalf of the Defendant advertising goods and services of the Defendant during the Class Period. The Plaintiff is making the same claims and seeking the same relief for itself and all class members based upon the federal statute. The Defendant has acted the same or in a similar manner with respect to the Plaintiff and all the class members.

20.   <u>Fair and Adequate Representation [Fed. R. Civ. P. 23 (A) (4):</u>   The Plaintiff will fairly and adequately represent and protect the interests of the class. It is interested in this matter, has no conflicts and has retained experienced class counsel to represent the class.

21.   <u>Need for Consistent Standards and Practical Effect of Adjudication [Fed R. Civ. P. 23 (B) (1):</u>   Class certification is appropriate because the prosecution of individual actions by class members would: a) create the risk of inconsistent adjudications that could establish incompatible standards of conduct for the Defendant, and/or b) as a practical matter, adjudication of the Plaintiff's claims will be dispositive of the interests of class members who are not parties.

22.   <u>Common Conduct [Fed. R. Civ. P. 23 (B) (2):</u>   Class certification is also appropriate because the Defendant has acted and refused to act in the same or similar manner with respect to all class members thereby making injunctive and declaratory relief appropriate. The Plaintiff demands such relief as authorized by 47 U.S.C. §227.

23.   <u>Predominance and Superiority [Fed. R. Civ. P. 23 (B) (3):</u>   Common questions of law and fact predominate and a class action is superior to other methods of adjudication:

a) Proof of the claims of the Plaintiff will also prove the claims of the class without the need for separate or individualized proceedings;

b) Evidence regarding defenses or any exceptions to liability that the Defendant may assert and prove will come from the Defendant's records and will not require individualized or separate inquiries or proceedings;

c) The Defendant has acted and is continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

d) The amount likely to be recovered by individual class members does not support protested individual litigation. A class action will permit a large number of relatively

small claims involving virtually identical facts and legal issues to be resolved efficiently in one (1) proceeding based upon common proofs;

e) This case is inherently managed as a class action in that:

(i) The Defendant identified persons or entities to receive the fax transmissions and it is believed that the Defendant's computer and business records will enable the Plaintiff to readily identify class members and establish liability and damages;

(ii) Liability and damages can be established for the Plaintiff and the class with the same common proofs;

(iii) Statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner;

(iv) A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort and expense:

(v) A class action will contribute to uniformity of decisions concerning the Defendant's practices; and

(vi) As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

24. The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine…" 47 U.S.C. § 227.

25. The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227 (a) (4).

26. The TCPA provides:

"3. <u>Private right of action.</u>   A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

(A)   An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation;

(B)   An action to recover actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C)   Both such actions."

27.   The TCPA is a strict liability statute, so the Defendant is liable to the Plaintiff and the other class members even if its actions were only negligent.

28.   The Defendant knew or should have known that a) the Plaintiff and the other class members had not given express invitation or permission for the Defendant or anybody else to fax advertisements about the Defendant's goods or services; b) that the Plaintiff and the other class members did not have an established business relationship; and c) that Exhibit "A" is an advertisement.

29.   The Defendant's actions caused damages to the Plaintiff and the other class members. Receiving the Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of the Defendant's faxes. Moreover, the Defendant's faxes used the Plaintiff's fax machine. The Defendant's faxes cost the Plaintiff time, as the Plaintiff and its employees wasted their time receiving, reviewing and routing the Defendant's illegal faxes. That time otherwise would have been spent on the Plaintiff's business activities.  The Defendant's faxes unlawfully interrupted the Plaintiff's and other class members' privacy interests in being left alone.  Finally, the injury and property damage sustained by Plaintiff and the other class members from the sending of Exhibit A occurred outside of Defendant's premises.

30.     The Defendant violated 47 U.S.C. § 227, et seq., by transmitting Exhibit "A" to the Plaintiff and the other members of the class without obtaining their prior express permission or invitation.

WHEREFORE, Plaintiff, BRIDGEVIEW HEALTH CARE CENTER, LTD., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, JERRY CLARK d/b/a AFFORDABLE DIGITAL HEARING, as follows:

A.  That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint the Plaintiff as the representative of the class and appoint the Plaintiff's counsel as counsel for the class;

B.  That the Court award actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater;

C.  That Court enjoin the Defendant from additional violations; and

D.  That the Court award costs and such further relief as the Court may deem just and proper.

## COUNT II
## CONVERSION

31.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

32.     In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons (1) who on or after a date five years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes and (4) with whom Defendant did not have an established business relationship.

33.     A class action is proper in that:

(a)    On information and belief the class consists of forty or more persons and is so numerous that joinder of all members is impracticable.

(b)    There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

(i)    Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements; and

(iii)    Whether Defendant committed the tort of conversion.

34.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

35.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

36.    By sending Plaintiff and the other class members unsolicited faxes, Defendant improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendant also converted Plaintiff's employees' time to Defendant's own use.

37.    Immediately prior to the sending of the unsolicited faxes, Plaintiff, and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

38. By sending the unsolicited faxes, Defendant permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendant's own use. Such misappropriation was wrongful and without authorization.

39. Defendant knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

40. Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendant.

41. Each of Defendant's unsolicited fax advertisements effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendant's illegal faxes. Defendant knew or should have known employees' time is valuable to Plaintiff.

42. Defendant's actions caused damages to Plaintiff and the other members of the class because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner as a result. Defendant's actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machines for Defendant's illegal purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's illegal faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, BRIDGEVIEW HEALTH CARE CENTER, LTD., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, JERRY CLARK d/b/a AFFORDABLE DIGITAL HEARING, as follows:

A.      That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff' counsel as counsel for the class;

B.      That the Court award appropriate damages;

C.      That the Court award costs of suit; and

D.      Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual class member.

## COUNT III
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
## 815 ILCS 505/2

43.      Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

44.      In accordance with 735 ILCS 5/2-801, Plaintiff, on behalf of the following class of persons, bring Count III for Defendant's unfair practice of sending unsolicited and unlawful fax advertisements:

> All persons in Illinois who (1) on or after a date three years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes and (4) with whom Defendant did not have an established business relationship.

45.      A class action is proper in that:

(a)      On information and belief the class consists of forty or more persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

(b)      There are questions of fact or law common to the class predominating over all questions affecting only individual class members including:

(i)      Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii)     The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iii)    Whether Defendant's practice of sending unsolicited faxed advertisements violates Illinois public policy;

(iv)    Whether Defendant's practice of sending unsolicited faxes is an unfair practice under the Consumer Fraud Act; and

(v)     Whether Defendant should be enjoined from sending unsolicited fax advertising in the future.

46.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and claims involving lawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

47.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

48.    Defendant's unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense without any consideration in return. Defendant's practice effectively forced Plaintiff and the other class members to pay for Defendant's advertising campaign.

49. Defendant violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to forty or more persons.

50. Defendant's misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

51. Defendant's actions caused damages to Plaintiff and the other class members because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner consumed as a result. Defendant's actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machine for Defendant's illegal purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's illegal faxes and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, BRIDGEVIEW HEALTH CARE CENTER, LTD., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, JERRY CLARK d/b/a AFFORDABLE DIGITAL HEARING., as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award damages to Plaintiff and the other class members;

C. That the Court award attorney fees and costs;

D. That the Court enter an injunction prohibiting Defendant from sending unsolicited faxed advertisements to Illinois consumers; and

E.     Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual member.

Respectfully submitted,

BRIDGEVIEW HEALTH CARE CENTER, LTD.,
individually and as the representative of a class of
similarly-situated persons

By:     /s/Brian J. Wanca
        One of Plaintiff's Attorneys

Brian J. Wanca                          Phillip A. Bock
ANDERSON + WANCA                        BOCK & HATCH, LLC
3701 Algonquin Road, Suite 760          134 N. LaSalle Street, Suite 1000
Rolling Meadows, IL 60008               Chicago, IL 60602
Telephone: 847/368-1500                 Telephone: 312/658-5500

**EXHIBIT A**



# Affordable Digital Hearing

**Meadows Shopping Ctr Ste 25A**
**Terre Haute, IN 42803**
**Toll Free (866) 577-8630**

**121 S Vine St**
**Plainfeld, IN 46168**
**(317) 839-8658**

# Hearing Aids
## Sales & Repair



### Will Repair Any Brand Hearing Aid
### $139.00
### No Shipping, 6 Month Warranty



☆ **Low Prices** ☆

☆ **Great Quality** ☆

☆ **Excellent Service** ☆

WARNING – We report to the state bar association and file criminal and civil charges against lawyers and others who "Fax Bait" or attempt extortion against sponsors or us. We receive fax numbers and permission to fax from web pages, yellow pages, or businesses themselves. Date and time stamp at top. To STOP receiving faxes, call "Remove" (below.) This message is the property of Macaw, SRL, 46 Match Factory St, Sec 5, Buc, Rom, 050183, 40723294564, which is solely responsible for its contents and destinations. Customer Service (718) 360-1330, ext 232, toll free "Remove" (800) 991-9484, ext 399. WARNING – Although we charge nothing to use the "800" number, your telephone company could charge you $1.00 or more per minute if you use it internationally.

**"Remove" Hotline, (718) 360-0971, ext 233**