UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRIDGEVIEW HEALTH CARE CENTER LTD., an Illinois corporation, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:09-cv-5601 |
| | ) | Magistrate Judge Maria Valdez |
| JERRY CLARK, d/b/a Affordable Digital Hearing, | ) ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO STRIKE
EXPERT OPINION OF RICHARD W. PAINTER

Defendant Jerry Clark, d/b/a Affordable Digital Hearing, by Vincent A. Lavieri, his attorney,

with Gardiner, Koch, Weisberg & Wrona, of counsel, moves the court to strike the Expert Opinion

of Richard W. Painter. In support of his motion, Defendant states as follows:

A.      INTRODUCTION

1.      Plaintiff seeks recovery for itself and for other similarly-situated persons for alleged

violations of, *inter alia¸* the federal Telephone Consumer Protection Act, 47 U.S.C. § 227.

2.      Pursuant to the January 15, 2010 order entered by Judge Robert W. Gettleman,

discovery in this cause was initially closed on September 30, 2010 (Docket No. 14).

3.      Pursuant to Defendant's Motion to Extend Discovery (Docket No. 38), the court

extended the close of discovery to December 29, 2010. (Docket No. 43).

4.      Pursuant to Plaintiff's Motion to Re-Open Discovery (Docket No. 58), which was

filed after discovery had closed, the court re-opened discovery (Docket No. 63) to permit Defendant

to depose Caroline Abraham of Business to Business Solutions whose second declaration was

provided to Defendant on January 4, 2011; to depose Lee Howard, an expert disclosed by Plaintiff on January 13, 2011; and to permit Defendant to take a second deposition of Robert Biggerstaff, Plaintiff's expert, based upon additional opinions disclosed on January 12, 2011.

5.     The depositions of Abraham, Biggerstaff and Howard were completed by April 22, 2011.

6.     On September 30, 2011, the court granted Plaintiff's Motion for Class Certification. (Docket No. 97).

7.     Following the Seventh Circuit's decision in *Creative Montessori Learning Center v. Ashford Gear, L.L.C.*, 662 F.3d 913 (7th Cir. 2011), Defendant filed his Motion to Reconsider September 30, 2011 Order and to Vacate Order Granting Class Certification (hereinafter "Defendant's Motion to Reconsider"). (Docket No. 109).

8.     As of March 5, 2012, Defendant's Motion to Reconsider was fully briefed.

9.     On April 10, 2012, Plaintiff filed its Motion for Leave to Submit the Expert Opinion of Richard W. Painter, Transcript of Hearing in *Creative Montessori v Ashford Gear*, and Class Certification Order in *Reliable Money Order, Inc. v. McKnight Sales Co.* (hereinafter "Plaintiff's Motion to Supplement"). (Docket No. 122).

10.     For the reasons set forth below, the Expert Opinion of Richard W. Painter (hereinafter "the Painter Opinion") should be stricken.

**B.     PLAINTIFF HAS FAILED TO SUPPLEMENT ITS RULE 26(a)(2) DISCLOSURE AND ITS RESPONSES TO EXPERT DISCOVERY**

1.     On December 17, 2009, Plaintiff served upon Defendant its Disclosure Pursuant to FRCP 26(a)(2), wherein it identified Robert Biggerstaff as its only expert. Attached hereto as Exhibit 1 is a copy of Plaintiff's Rule 26(a)(2) Disclosure.

2.     On February 15, 2010, Defendant served upon Plaintiff Defendant's Second Set of

Interrogatories to Plaintiff and Defendant's Second Request for Production of Documents to Plaintiff (hereinafter "Defendant's Second Set of Discovery"). Defendant's Second Set of Discovery related to Plaintiff's expert witnesses. Attached hereto as Group Exhibit 2 is a copy of Defendant's Second Set of Discovery.

3.      On July 5, 2010, Plaintiff served upon Plaintiff its Responses to Defendant's Second Request for Production of Documents to Plaintiff and on August 25, 2010, Plaintiff served its Supplemental Answers to Defendant's Second Set of Interrogatories to Plaintiff. Attached as Group Exhibit 3 is a copy of Plaintiff's Responses to Defendant's Second Set of Discovery.

4.      The only expert disclosed by Plaintiff in its Rule 26 disclosure or its discovery responses was Robert Biggerstaff.

5.      Pursuant to Rule 26(a)(2)(E) and Rule 26(e) of the Federal Rules of Civil Procedure, Plaintiff has a duty to supplement its 26(a)(2) disclosure and its responses to discovery.

6.      Plaintiff has not supplemented its Rule 26(a)(2) disclosure, nor has it supplemented its responses to Defendant's Second Set of Discovery.

**C.      THE OPINIONS OF RICHARD W. PAINTER**

1.      To support its claim that Plaintiff's counsel did not engage in misconduct, Plaintiff sought, and was granted, leave to submit the Painter Opinion.

2.      Painter sets forth the following opinions: first, Anderson + Wanca did not engage in professional misconduct in obtaining the evidence that spawned this case; second, Anderson + Wanca did not engage in misconduct in sending a check to counsel for Caroline Abraham of Business to Business Solutions (hereinafter "B2B"); third, Anderson + Wanca did not engage in professional misconduct in sending marketing letters; and, fourth, assuming that Anderson + Wanca engaged in misconduct, such misconduct is not imputable to its co-counsel Bock & Hatch, LLC.

3

**D.     PAINTER IS AN UNDISCLOSED EXPERT AND HIS OPINIONS SHOULD BE STRICKEN**

1.      As discussed above, discovery was re-opened once pursuant to Plaintiff's motion and has been closed for over a year.

2.      As noted above, Plaintiff has not supplemented its Rule 26(a)(2) disclosures or its responses to discovery.

3.      Prior to filing its Motion to Supplement, Plaintiff had not disclosed that it intended to use Painter as an expert witness.

4.      Rule 37(c)(1) of the Federal Rules of Civil Procedure provides:

(1)     *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

> (A)     may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B)     may inform the jury of the party's failure; and
>
> (C)     may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi).

5.      "A party that *without substantial justification* fails to disclose information required by Rule 26(a) ... is not, *unless such failure is harmless,* permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." *Musser v. Gentiva Health Services,* 356 F.3d 751, 755 (7th Cir. 2004) (italics in original).

6.      Exclusion of evidence is automatic and mandatory under Rule 37(c)(1) unless the non-disclosure was justified or harmless. *Id.* at 758, *citing Finley v. Marathon Oil Co.,* 75 F.3d 1225, 1230 (7th Cir. 1996).

7.      In its Motion to Supplement, Plaintiff has failed to offer any justification, substantial

or otherwise, as to why it has never supplemented its responses to discovery or its Rule 26 disclosures and why it should be should be allowed to do so after briefing on Defendant's Motion to Reconsider has been completed.

8. Before determining whether or not Plaintiff's failure to disclose and supplement is harmless, the court must first determine whether Plaintiff has demonstrated "substantial justification," as required by Rule 37(c)(1).

9. Even if Plaintiff could establish "substantial justification," Plaintiff's failure to supplement its responses to discovery or its Rule 26 disclosures can hardly be considered to be harmless.

10. By allowing Plaintiff to supplement at this late date, Defendant has been deprived of taking any action to counter Painter's opinions, such as obtaining supplemented discovery responses, deposing Painter and obtaining a rebuttal witness. *See Musser v. Gentiva Health Services,* 356 F.3d at 758; *Commodities Future Trading Commission v. Sentinel Management Group, Inc.*, No. 08 C 2410, 2012 U.S. Dist LEXIS 46198, *9 (N.D. Ill. Mar. 30 2012).

11. Pursuant to Rule 37(c)(1), because Plaintiff has failed to offer substantial justification for its late disclosure of Painter's opinions and because of the prejudice to Defendant, the Expert Opinion of Richard W. Painter should be stricken.

**E.    PAINTER'S OPINIONS ARE LEGAL CONCLUSIONS AND ARE INADMISSIBLE**

1. Rule 702 of the Federal Rules of Evidence provides that expert evidence is admissible if, *inter alia*, "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue."

2. Because the Seventh Circuit in *Creative Montessori* has already concluded that Plaintiff's counsel engaged in misconduct with respect to the procurement of the B2B computer

materials from Caroline Abraham, Painter's opinions will not assist the court in either understanding the evidence or determining an issue in this case.

3.     Under Rule 704 of the Federal Rules of Civil Procedure, an expert's opinion may address an ultimate issue of fact; however, the issue must be a factual issue, not a legal issue. *Hershey v. Pacific Investment Management Company, LLC*, 697 F.Supp. 2d 945, 952 (N.D. Ill. 2010).

4.     In *Good Shepherd Manor Foundation v. City of Momence*, 323 F.3d 557, 564 (7th Cir. 2003), citing *United States v. Sinclair*, 74 F.3d 753, 757 n. 1 (7th Cir.1996), the Seventh Circuit held that the district court correctly ruled that a law professor's testimony that "was largely on purely legal matters and made up solely of legal conclusions, such as conclusions that the city's actions violated the [Fair Housing Amendments Act]," was inadmissible "as to legal conclusions that will determine the outcome of the case."

5.     In *Hershey v. Pacific Investment Management Company, LLC*, *supra,* the court excluded the legal conclusions of an expert who opined that the defendant manipulated the price of a futures contract in violation of the Commodity Exchange Act. In limiting the testimony of the expert, the court stated:

> [W]hile [the expert] is allowed to present and analyze facts indicating manipulation, he may not embrace the ultimate issue of whether Defendant's acts were, indeed, manipulative. Similarly, [the expert] will not be permitted to testify as to [Defendant's] duties and responsibilities. As this is also a legal conclusion that will resolve the ultimate issue in this case, it, too, is an area left solely within the province of the "knowledgeable gentleman in a robe whose exclusive province it is to instruct the jury on the law." Marx & Co., Inc. v. Diners' Club, Inc., 550 F.2d 505, 512 (2d Cir.1977).

697 F.Supp. 2d at 952. The *Hershey* court also excluded the opinions of a two other experts because the opinions were legal conclusions. *Id.* at 957-58.

6.     Painter's opinions that Plaintiff's counsel did not engage in misconduct are nothing

more than legal conclusions and, as such, are inadmissible.

7.      Further, the issue of whether Anderson + Wanca's misconduct is imputed to Bock & Hatch, while also a legal conclusion, is an issue that is not presently before the court. The issue of imputed misconduct will only become an issue if the court concludes that Anderson + Wanca's misconduct renders the firm inadequate as class counsel.

8.      Accordingly, Painter's opinions are inadmissible and should be stricken as they consist of legal conclusions.

**F.      PAINTER'S OPINIONS ARE NOT RELIABLE**

1.      In the event that that the court does not strike Painter's opinions, the opinions should nonetheless be excluded because Painter's opinions are not reliable.

2.      The admissibility of expert testimony is governed by Rule 702 of the Federal Rules of Civil Procedure and the principles set forth in *Daubert v. Merrell Dow Pharmaceuticals., Inc*., 509 U.S. 579 (1993). It is the district court's role to ensure that expert testimony is both relevant and reliable. *Id.* at 589. *Daubert* applies to both scientific and non-scientific experts. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147-49 (1999).

3.      Rule 702 of the Federal Rules of Evidence provides that expert evidence is admissible if:

(a)      the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b)      the testimony is based on sufficient facts or data;

(c)      the testimony is the product of reliable principles and methods; and

(d)      the expert has reliably applied the principles and methods to the facts of the case.

*See also Zamecnik v. Indian Prairie Sch. Dist. No. 204*, 636 F.3d 874, 881 (7th Cir. 2011).

4.  In *Myers v. Illinois Central Railroad Co.*, 629 F.3d 639, 644 (7th Cir. 2010), the Seventh Circuit set forth the three-step analysis to be undertaken before the district court admits expert evidence pursuant to Rule 702. First, the court must determine whether the expert is qualified; second, the court must determine whether the expert's methodology is scientifically reliable; and third, the court must determine whether the evidence proffered by expert will "assist the trier of fact to understand the evidence or to determine a fact in issue."

5.  It is "[t]he proponent of the expert bears the burden of demonstrating that the expert's testimony would satisfy the *Daubert* standard." *See Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 705 (7th Cir. 2009).

6.  The district court is not required to admit expert testimony just because it is being proffered by an expert. *United States v. Mamah,* 332 F.3d 475, 478 (7th Cir. 2003).

7.  In this case, Painter's methodology appears to be predicated upon his review of documents provided to him by Plaintiff's counsel. *See* Painter Opinion, at page 2; Exhibit B.

8.  The materials reviewed by Painter were carefully selected by Plaintiff's attorneys and appear to be designed to provide an incomplete record and do not present a fair picture of the facts. *See Zamecnik v. Indian Prairie School District No. 204*, 636 F.3d 874, 881 (7th Cir. 2011).

9.  In forming his opinions, it does not appear that Painter interviewed, or sought to interview, any of the persons listed on Exhibit B whose deposition transcripts or declarations were provided, including Caroline Abraham, Ryan Kelly, Joel Abraham, Eric Rubin, Brian Wanca, Phillip Bock, David Paul or Sidney Berger.

10.  Plaintiff's counsel was clearly selective in the materials that it provided to Painter. Among the materials that Painter did not receive and, therefore, did not review include:

a.  The district court's opinion in *Creative Montessori Learning Ctr. v. Ashford Gear,*

*LLC,* 2011 U.S. Dist. LEXIS 83419 (N.D. Ill. July 27, 2011), wherein Judge Gettleman, despite finding that class counsel engaged in misconduct, certified a class.

b.   The Seventh Circuit's opinion in *Creative Montessori Learning Center v. Ashford Gear, L.L.C.*, 662 F.3d 913 (7th Cir. 2011), concluding that Plaintiff's counsel had engaged in two forms of misconduct and vacating the order certifying the class.

c.   The deposition transcripts and exhibits in this case, except for the transcript, without exhibits, of Sidney Berger whose deposition was limited to 15 minutes per court order entered on January 25, 2012. *See* Docket No. 118.

d.   The February 21, 2010 letter that Caroline Abraham sent to Augie Rouse, Judge Kennelly's minute clerk, in *CE Design, Ltd. v. Cy's Crabhouse North, Inc.*, No. 07 C 5456. A copy of said letter is attached hereto as Exhibit 4.

e.   Caroline Abraham's Response to Plaintiff's Submission Regarding Use of B2B Materials filed in *CE Design, Ltd. v. Cy's Crabhouse North, Inc.*, No. 07 C 5456 wherein Abraham objected to the unauthorized use of B2B materials by class counsel. A copy of Abraham's Response is attached hereto as Exhibit 5.

f.   The Declaration of Caroline Abraham dated November 15, 2009 filed in this case (Docket No. 45-2) wherein, in paragraph 4, Abraham reiterated the promises of Plaintiff's counsel concerning the limited use of B2B materials. A copy of said Declaration is attached hereto as Exhibit 6.

g.   The revisions to the Declaration of Caroline Abraham transmitted by Caroline Abraham in an email dated December 26, 2010 wherein Abraham made changes to her Declaration that detailed class counsel's conduct. A copy of Abraham's email

9

with the attached Declaration is attached hereto as Exhibit 7.

h. The email dated December 27, 2010 from Tod Lewis to Caroline Abraham wherein Lewis refused to incorporate Abraham's changes to her Declaration. A copy of said email is attached hereto as Exhibit 8.

i. The Affidavit of Caroline Abraham filed on April 30, 2010 in *CE Design, Ltd. v. Cy's Crabhouse North, Inc.*, No. 07 C 5456. Attached hereto as Exhibit 9 is a copy of said affidavit.

j. Information concerning the number of TCPA cases in which Anderson + Wanca and Bock & Hatch have served as co-counsel based upon the data mined from the B2B computer records.

k. Information concerning the number of TCPA cases in which Anderson + Wanca and Bock & Hatch have solicited class plaintiffs based upon the data mined from the B2B computer records.

l. Information concerning the financial arrangements and fees shared between Anderson + Wanca and Bock & Hatch.

11. In concluding that an expert's opinions were not reliable, the district court, in *Obrycka v. City of Chicago*, 792 F.Supp. 2d 1013, 1020-21 (N.D. Ill. 2011), considered the fact that the proffered expert did not undertake independent research to familiarize himself with the subject on which he rendered opinions and relied solely upon materials provided to him by counsel, which included deposition transcripts, deposition summaries and pleadings.

12. The Painter Opinion should also be stricken because it is based exclusively upon selected materials provided to him by Plaintiff's counsel and is not reliable.

**G.    PAINTER'S OPINION IS NOT BASED UPON THE ILLINOIS CODE OF PROFESSIONAL CONDUCT WHICH GOVERNS ILLINOIS ATTORNEYS**

1.    Painter's opinions are based upon the ABA Model Rules and not upon the either the 1990 Illinois Rules of Professional Conduct (hereinafter "the 1990 Rules") or 2010 Illinois Rules of Professional Conduct[1] (hereinafter "the 2010 Rules").

2.    The Illinois Rules of Professional Conduct, not the ABA Model Rules, govern attorneys licensed in Illinois. *See* Rule 8.5(a) of the 1990 Rules and Rule 8.5(a) of the 2010 Rules.

3.    Painter made no attempt to determine whether the 1990 Rules or the 2010 Rules governed the conduct at issue, nor did he compare the ABA Model Rules to the Illinois rules governing professional conduct.

4.    Because Painter's opinions are not based upon the rules governing Illinois attorneys, his opinions are not relevant and should be excluded.

**H.    TWO OF PAINTER'S OPINIONS ARE NOT RELEVANT TO THE ISSUES RAISED BY DEFENDANT'S MOTION TO RECONSIDER**

1.    Rule 702 of the Federal Rules of Evidence provides that expert evidence is admissible if, *inter alia*, "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Thus, the expert's opinion must be relevant to an issue before the court. *See Daubert v. Merrell Dow Pharmaceuticals., Inc*., 509 U.S. 579, 589 (1993) (The role of district court is to ensure that expert testimony is both relevant and reliable).

2.    One of the opinions rendered by Painter is that Brian Wanca, one of Plaintiff's attorneys, was not guilty of misconduct when he sent a $5,000.00 check dated August 19, 2009 made payable to Eric Rubin, without a cover letter, in a Ramada hotel envelope. *See* Painter Opinion, at

---

[1] The 2010 Rules became effective on January 1, 2010.

page 10.

3.    This issue has not been raised by Defendant in his Motion to Reconsider, and is, therefore, not relevant to the issues in this case.

4.    Painter is also of the opinion that assuming that Anderson + Wanca engaged in misconduct, such misconduct is not imputable to its co-counsel Bock & Hatch, LLC.

5.    As more fully discussed in his Sur-Reply to Plaintiff's Motion to Supplement, at pages 4-5, the attorneys for Ashford Gear sought discovery in order to explore the relationship between the two law firms.

6.    The March 1, 2012 hearing before Judge Kim involved Defendant Ashford Gear's motion to overrule plaintiff's objections to defendant's discovery requests. At the March 1, 2012 hearing, Judge Kim stated:

> I think that this information [about the relationship of class counsel] would be helpful and relevant if in fact Judge Gettleman finds that and Anderson & Wanca is not adequate -- is not adequate representative for this class as class counsel because Anderson & Wanca either or both secured information under false pretense or made misrepresentation to Creative Montessori. Those are the two misconduct that's at least referenced in the Seventh Circuit. **And Judge Gettleman has to make that decision first to say, Anderson & Wanca, you're out of this lawsuit because I don't find you to be adequate to serve as class counsel. Then the next step is -- well, then the next step is for the defendant to say, well, your Honor, and if Anderson & Wanca is out, then you have got to boot Bock & Hatch as well because they go hand in hand. And in essence it is really Anderson & Wanca, Bock & Hatch, that's the law firm.** [Emphasis added].

> [Ashford Gear's Counsel]: Right.

> THE COURT: There aren't two law firms, they are two -- there is one law firm, and so -- and that's the argument. **But we're not going to get there until Judge Gettleman finds that there is misconduct that rises to the level where class counsel is not adequate.** But we don't have that, right? [Emphasis added].

*See* Plaintiff's Motion to Supplement, Ex. C, at pages 6-7.

7.    The issue of whether Bock & Hatch is rendered inadequate as a result of the

misconduct of Anderson + Wanca is not presently at issue, and, therefore, Painter's opinion on this issue is not relevant. If, in the future, the court concludes that Anderson + Wanca's misconduct renders the firm inadequate to continue as class counsel, whether Bock & Hatch is also inadequate as class counsel will then be at issue.

## I.    CONCLUSION

For the reasons set forth herein, Defendant Jerry Clark, d/b/a Affordable Digital Hearing, requests that the court to strike the Expert Opinion of Richard W. Painter.

In the event that the court denies Defendant's Motion to Strike, Defendant requests that he be granted time to obtain a rebuttal witness, to obtain supplemental discovery response from Plaintiff and to take the deposition of Painter.

Defendant further requests that the court grant him such further relief as the court deems appropriate.

> **JERRY CLARK, d/b/a Affordable Digital Hearing**
>
> By:   /s/ Vincent A. Lavieri
>       One of His Attorneys

Vincent A. Lavieri
Gardiner, Koch, Weisberg & Wrona
53 W. Jackson Boulevard
Suite 950
Chicago, IL 60604
1-312-362-0000